Edwin A. Robinson & another *vs.* Boston and Worcester Railroad Corporation.

If a cross-interrogatory annexed to a commission for a deposition is so obscurely written that a date therein referred to is uncertain, the deposition should not be rejected because the deponent and the magistrate mistook the date; but if, in reply to a cross-interrogatory when and where a written contract, which purported to be made at a particular time and place, was in fact made, the deponent has answered simply, "The paper speaks for itself," the deposition should be rejected, if the party who took the deposition has been notified of the objection in season to take it anew.

Replevin of three hundred barrels of flour.

At the trial in the superior court, before *Russell*, J., the plaintiffs, in opening their case, stated that the flour, which had been purchased for them in St. Louis, was forwarded to them under two written contracts, dated April 22, 1862, one purporting to be made at Cleveland and the other at St. Louis, to come by way of Cleveland and Ogdensburgh, but was wrongfully diverted from that route, and came into the possession of the defendants discharged of any lien; and that the defendants had refused to deliver it to them, except upon payment of a sum which they claimed for transportation and expenses paid thereon. In support of this case, the plaintiffs offered in evidence two depositions taken at St. Louis under a commission. The first was the deposition of Romanzo N. Bayley, and the first cross-interrogatory and answer were as follows: "Are all the contracts inquired of in writing, and is the whole of said contracts

contained in the papers referred to in 12th? [The word preceding 12th was obscurely written.] If not, append any other writing, forming part of any contract." Ans. " I know of no paper referred to of July 12th. The contract for the shipment of the three hundred barrels of flour was made April 22d 1862, as per bill of lading attached to depositions." The second was the deposition of Jacob Merritt, and one cross-interrogatory and answer were as follows : " When and where was said second paper, purporting to be dated at Cleveland, in fact made and signed ? " Ans. " The paper speaks for itself." The defendants objected to the admission of these depositions, on the ground that the above answers were evasive ; and the defendants' counsel stated that he had given notice of the objection to the plaintiffs' counsel in season for the retaking of the depositions. The judge excluded the depositions ; whereupon the plaintiffs submitted to a verdict in favor of the defendants, and alleged exceptions.

*C. B. Goodrich & D. J. Coburn,* for the plaintiffs.

*G. S. Hale,* for the defendants.

BIGELOW, C. J. There was no valid reason for rejecting the deposition of Bayley. It does not appear that the witness was dishonest or evasive in his answers. The failure to reply directly and intelligibly to a portion of the first cross-interrogatory was manifestly attributable to the careless and obscure handwriting in which the defendants caused the interrogatory to be written The magistrate who took the deposition, as well as the witness, misread the question, and it was put and answered under a mistake, which, on inspection of the original manuscript of the cross-interrogatories annexed to the commission, it appears might have been honestly made. Besides ; notwithstanding this mistake, the question which the defendants intended to put was substantially answered by the witness in the last clause of his reply to the interrogatory.

The deposition of Merritt, the other witness, was rightly rejected. He was distinctly asked when and where a certain document, material to the issue, which purported to be executed on a certain day and at a certain place, was in fact made and

signed. The question was a pertinent one, and was clearly and directly put. Instead of replying to it, the witness made answer, " The paper speaks for itself." This was a clear evasion of the very point of the inquiry. It left the fact wholly uncertain whether the paper was signed at the time and place named on its face or at another time and place. It seems to us that the witness, if he had testified with an honest intention to tell the truth, would not have given such an answer to the question proposed. This was a valid and sufficient reason for rejecting the whole deposition, after previous notice seasonably given to the plaintiffs before the trial that the objection would be insisted on. *Savage* v. *Birckhead,* 20 Pick. 167, 172.

These were the only points on which exceptions were taken to the rulings of the court at the trial, and no others are open for consideration. The first deposition having been erroneously rejected, the order must be *Exceptions sustained.*